**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4503-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IZAIYAH GRISSOM,

     Defendant-Appellant.

_____

Submitted November 2, 2020 – Decided December 2, 2020

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-11-3140.

Joseph E. Krakora, Public Defender, attorney for appellant (Earnest G. Ianetti, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Izaiyah Grissom, appeals from an August 3, 2020 order denying his release under Rule 3:21-10(b)(2) due to the COVID-19 pandemic. Along with entering that order, Judge Michael Ravin also rendered a comprehensive twelve-page written opinion. We affirm.

Defendant pled guilty to conspiracy to commit theft. In exchange for defendant's guilty plea, the State agreed to dismiss robbery and related weapons charges. Judge Ravin sentenced defendant to probation. Thereafter, defendant was arrested and charged with assault, theft, and obstructing the administration of law. He also failed to cooperate in substance abuse testing and counseling as directed by his probation officer. Accordingly, Judge Ravin revoked his probation and re-sentenced defendant to a four-year prison term. Defendant becomes eligible for parole in February 2021.

Defendant raises the following contentions for our consideration:

> POINT I
> THE MOTION JUDGE'S FINDING THAT DEFENDANT-APPELLANT'S HEALTH IS NOT RAPIDLY DETERIORATING DOES NOT JUSTIFY DENYING DEFENDANT-APPELLANT RELEASE TO PARTICIPATE IN AN IN-PATIENT DRUG REHABILITATION PROGRAM.
>
> POINT II
> REQUIRING DEFENDANT-APPELLANT TO SERVE THE REMAINING TWO YEARS OF HIS

A-4503-19T4

SENTENCE IN ISOLATION VIOLATES THE EIGHTH AMENDMENT'S CRUEL AND UNUSUAL CLAUSE AND THE CRUEL AND UNUSUAL CLAUSE OF THE NEW JERSEY CONSTITUTION, ART. I, ¶ 12.

We disagree with defendant's arguments and affirm substantially for the reasons set forth in Judge Ravin's thorough and thoughtful written opinion. We add the following remarks.

An inmate seeking release from custody under Rule 3:21-10(b)(2) has the burden of establishing the grounds for release by making two showings. First, the inmate must establish that a "change of circumstances" has led to a "severe depreciation" of his or her health since the time of sentencing. State v. Wright, 221 N.J. Super. 123, 127 (App. Div. 1987). Second, the inmate must demonstrate that "medical services unavailable at the prison" are "essential to prevent further deterioration" of [the inmate's] health." State v. Priester, 99 N.J. 123, 135 (1985).

Our Supreme Court has recognized that "the worldwide pandemic that has afflicted New Jersey and its prison system amounts to a change in circumstances under the Rule." In re Request to Modify Prison Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, 242 N.J. 357, 379 (2020). Nonetheless, "the nature of the inmate's illness and the effect of continued

3

incarceration on his health" continue to remain the necessary "predicate for relief" under Rule 3:21-10(b)(2). Ibid. (quoting Priester, 99 N.J. at 135). Furthermore, disposition of a motion under this Rule is "an extension of the sentencing power," and "is committed to the sound discretion of the court." Priester, 99 N.J. at 135. A court abuses its discretion when it relies on an impermissible basis, considers irrelevant factors, or makes a clear error in judgment. See State v. S.N., 231 N.J. 497, 500 (2018).

Judge Ravin found that defendant's medical records support his claim that he suffers from asthma and acknowledged that persons with moderate to severe asthma are at higher risk of severe illness due to COVID-19. The judge nonetheless determined that defendant failed to establish a basis for release, finding no indication that defendant has been exposed to the virus or that he is in imminent danger of deteriorating health. The judge also noted that defendant is presently separated from the general prison population for his protection. Furthermore, the judge found that defendant failed to meet his burden of showing that the medical services he sought outside of the prison would be "essential to prevent further deterioration of his health." Priester, 99 N.J. at 135.

Finally, Judge Ravin considered the circumstances of the offense and defendant's conduct that resulted in revocation of his probation and re-

sentencing. Defendant's failure to abide by the conditions of his probation—including community service and cooperation with substance abuse evaluation and counseling—weighed heavily against granting the relief he seeks.

In sum, the record clearly shows that Judge Ravin carefully considered defendant's medical records and all relevant aggravating and mitigating factors. In view of our deferential standard of review, we see no reason to disturb the trial court's well-articulated findings.

Defendant also contends, for the first time on appeal, that requiring him to serve the remainder of his custodial sentence in "isolation" violates the Eighth Amendment. This lacks sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4503-19T4